**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALKIT SINGH, | No. 11-71849 |
| Petitioner - Appellant, | Agency No. A096-166-396 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent - Appellee. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2015[**]
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen Joseph Murphy, III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

1

Malkit Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Singh additionally asserts the incompetency of his interpreter denied him a full and fair hearing in violation of his right to due process. We have jurisdiction under 8 U.S.C. § 1252 to review this pre-REAL ID Act petition.

1.      The specific and unreconciled inconsistencies as to Singh's doctor, his whereabouts during the August 2002 police search, and the errors in the hospital report constitute substantial evidence related to events that form the basis of Singh's petition. Consequently, we are required to uphold the agency's adverse credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." (internal quotation omitted)). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.      Failure to establish eligibility for asylum, however, does not necessarily doom an application for relief under the CAT. *See Kamalthas v. I.N.S.*, 251 F.3d 1279,

1282–83 (9th Cir. 2001). But Singh's CAT claims are based on the same statements and evidence the IJ found not credible. Reports of abuse in India do not compel the conclusion Singh would likely be tortured if returned. Because we affirm the IJ's adverse credibility determination, we similarly affirm the rejection of Singh's claim for CAT protection. *See Farah*, 348 F.3d at 1156–57.

**3.**     To succeed on an incompetent translation claim, a petitioner must show "a better translation would have made a difference in the outcome of the hearing." *Perez-Lastor v. I.N.S.*, 208 F.3d 773, 780 (9th Cir. 2000) (internal quotation omitted). Singh identifies two translation errors—regarding his political organization and a specific detail of his abuse—that he claims caused confusion and led the IJ to question the credibility of his testimony. The translation errors, however, did not form the basis of the agency's adverse credibility determination, and the errors did not prevent Singh from presenting relevant evidence. Even acknowledging the flaws in translation, there was no prejudice that affected the outcome.  *See Singh v. Ashcroft*, 367 F.3d 1139, 1143–44 (9th Cir. 2004).

**PETITION DENIED**.